UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-mc-0131 KJM AC |
| Plaintiff and Judgment Creditor, | |
| v. | ORDER |
| HODA SAMUEL, | |
| Defendant and Judgment Debtor. | |

In this proceeding against Hoda Samuel, the judgment debtor, the United States seeks to conduct an examination of Aida Samuel ("respondent"), a third party and the judgment debtor's spouse, in aid of a $3 million criminal restitution judgment against the judgment debtor. ECF No. 1; see United States v. Hoda Samuel, 2:10-cr-0223 JAM, ECF No. 597 (E.D. Cal. July 2, 2014) (amended judgment in a criminal case). The proceeding was referred to the undersigned by E.D. Cal. R. 302(c)(11).

On December 11, 2015, at respondent's request, the court vacated the scheduled Rule 69 examination ("judgment debtor examination") of respondent, and granted respondent an opportunity to explain why the examination should not go forward.

Respondent filed his Response to Government's Garnishment Summons (ECF No. 8), and the government filed its Response (ECF No. 9).

1

1    Respondent does not set forth any reason why the Rule 69 examination should not go
2 forward. Instead, respondent has offered reasons why the government should not garnish his
3 accounts. However, the garnishment is a separate matter and is not before the court in this
4 proceeding.
5    It is not necessary for the court to address respondent's unsworn statements that his funds
6 are entirely separate from his wife's, and therefore should not be garnished, as that is not what the
7 Rule 69 examination seeks. Rule 69 permits a judgment creditor to obtain discovery "from *any*
8 person" in aid of the judgment. Fed. R. Civ. P. 69(a)(2) (emphasis added). The government has
9 provided sufficient evidence raising a "reasonable doubt" about whether respondent may be in
10 possession of, or have knowledge about, any of the judgment debtor's assets. Cf. Credit
11 Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 431 (8th Cir. 1998); see also United States'
12 Response (ECF No. 9) and Declaration of Kurt A. Didier (ECF No. 9-1). Accordingly, it is
13 entitled to conduct this examination of respondent.
14    For the reasons stated above, IT IS HEREBY ORDERED that:
15    1. Respondent's objections to the conduct of a Rule 69 examination are overruled.
16    2. The government may re-notice the Rule 69 examination of respondent.
17 DATED: February 2, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2